IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM R. HANCOCK, individually and as Trustee of HANCOCK AND COMPANY, INC. PROFIT SHARING TRUST, under trust instrument April 3, 1993, | CIVIL NO. 13-00198 DKW-RLP<br><br>**ORDER (1) GRANTING DEFENDANT KULANA PARTNERS, LLC'S MOTION TO DISMISS COMPLAINT; (2) GRANTING DEFENDANT FIDELITY NATIONAL TITLE & ESCROW OF HAWAII INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND (3) DENYING PLAINTIFF WILLIAM HANCOCK'S COUNTER-MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION** |
| Plaintiff, | |
| vs. | |
| KULANA PARTNERS, LLC, A HAWAII LIMITED LIABILITY COMPANY; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC., DOES 1-10; | |
| Defendants. | |

**ORDER (1) GRANTING DEFENDANT KULANA PARTNERS, LLC'S
MOTION TO DISMISS COMPLAINT; (2) GRANTING DEFENDANT
FIDELITY NATIONAL TITLE & ESCROW OF HAWAII INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS; AND
(3) DENYING PLAINTIFF WILLIAM HANCOCK'S COUNTER-MOTION
FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION**

## INTRODUCTION

Before the Court are the following motions: (1) Defendant Kulana

Partners, LLC's ("KPL") Motion to Dismiss Complaint, filed on June 24, 2013

("KPL Motion"); (2) Defendant Fidelity National Title & Escrow of Hawaii Inc.'s

("Fidelity") Motion for Judgment on the Pleadings, filed on September 6, 2013

("Fidelity Motion"); and (3) Plaintiff William R. Hancock ("Plaintiff") individually

and as Trustee of Hancock and Company, Inc. Profit Sharing Trust's

Counter-Motion for Summary Judgment and Preliminary Injunction, filed on

October 11, 2013 ("Plaintiff's Motion").   Pursuant to Local Rule 7.2(d), the Court

finds these matters suitable for disposition without a hearing.   After careful

consideration of the supporting and opposing memoranda, and the relevant legal

authority, the Court hereby GRANTS the KPL Motion and Fidelity Motion and

DENIES Plaintiff's Motion for the reasons set forth below.

## BACKGROUND

### I.   Plaintiff's Complaint

Plaintiff filed his Complaint against KPL and Fidelity on April 26, 2013, seeking declaratory and injunctive relief relating to the ownership of real property known as Remnant 3, a 14.6 acre parcel associated with the Kulana 382, LLC development in Kapaa, Kauai (the "property" or "Remnant 3").   Plaintiff alleges that, in July 2002, he was the fee simple owner of the property, and negotiated its sale to KPL.   In a July 22, 2002 Deposit Receipt Offer and Acceptance ("DROA"), Plaintiff and Dustin Crane, acting on behalf of KPL, agreed to the following sales terms: a $2 million purchase price consisting of $1.1 million in cash and $900,000 by way of "Kulana Partners Privileged Right to Purchase Properties."   Complaint ¶ 10.

Fidelity served as escrow agent for the transaction.   According to Plaintiff, on August 12, 2002, he went to Fidelity's Kapaa office to review two deeds that were to convey the property: (1) a Warranty Deed conveying from Plaintiff William Hancock individually to William Hancock as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust instrument April 3, 1993; and (2) a Trustee's Deed conveying from Plaintiff as Trustee to KPL.   Complaint ¶¶ 11-12. Plaintiff alleges that the Trustee Deed that he reviewed contained in the "Subject

3

To" section, Paragraph 12, language making the conveyance subject to "Any rights of the parties in possession of a portion of, or all of, said land, which rights are not disclosed by the public record."   Complaint ¶ 13.   He further alleges that, at Paragraph 16, the Trustee Deed "described an easement in the 'north corner' that by meets [sic] and bounds set forth the description of an easement that is in the north corner of the property at or near the location of the Grinpas Easement."   Complaint ¶ 14.   Plaintiff alleges that "but for the existence of this in the 'Subject To' section, Plaintiff would not have executed the deed."   Complaint ¶¶ 13-14.

According to Plaintiff, on August 13, 2002, Fidelity faxed the Warranty Deed and Trustee Deed to Glenn Hale, KPL's counsel.   Plaintiff asserts that he did not know of Hale's involvement in the escrow.   Complaint ¶¶ 15-16.   He then alleges that, on August 19, 2002, Fidelity faxed three more documents to Hale: (1) a "Subject To Page for Deeds"; (2) a "copy of Land Patent (Per Buyer's Request"; and (3) an "Updated Prelim (Rollback Taxes Removed)."   Complaint ¶ 19.   Finally, Plaintiff alleges that, on August 26, 2002, a Fidelity employee (Lorretta) sent a memorandum to another Fidelity employee (Jeannette) regarding the Hancock-KPL escrow, stating: "WE NEED TO REPLACE THE SUBJECT TO PAGE ON BOTH OF THE DEEDS . . . THE TOGETHER WITH PARAGRAPH (ON THE TOP) IS

MISSING.   I BELIEVE THAT YOU ALREADY HAVE THE DEED AND I

HAVE IT SET UP FOR RECORDING ON WEDNESDAY."   Complaint ¶ 18.

Plaintiff claims that the "Subject To" section of the Trustee Deed that

he executed on August 12, 2002 was fraudulently modified to remove the easement

at Paragraph 16 and unrecorded interest at Paragraph 12.   The "altered deed" was

then recorded in the Bureau of Conveyances, State of Hawaii, by Fidelity on August

28, 2002 as Document Number 2002-152285.   Plaintiff alleges that he never

received a copy of the August 26, 2002 memorandum, nor was he otherwise

informed that the documents were modified.   Complaint ¶¶ 19-20.   According to

Plaintiff, he did not learn of the "forged deed" until 2013 because of "fraudulent

concealment by Fidelity and KPL[.]"   Complaint ¶ 23.

Plaintiff's April 26, 2013 Complaint sets forth the following claims for

relief: (1) declaratory judgment that the Trustee Deed recorded as Document No.

2002-152285 is void; (2) injunctive relief barring KPL from "uttering the forged

Trustee Deed" in any proceeding or transaction; and (3) a writ of ejectment against

KPL for its trespass on the property.

## II.   State Court Action

Prior to the filing of the instant action, Plaintiff and KPL were named as

defendants in *Grinpas v. Kapaa 382, LLC, et al.*, Civ. No. 07-1-0132, which is

currently before the Fifth Circuit Court, State of Hawaii ("state court action" or

"*Grinpas*").   The *Grinpas* plaintiffs were parties to a license agreement under

which they allege that Plaintiff and Kapaa 382, LLC approved the construction of a

roadway over the Remnant 3 easement.   The parties thereafter entered into a

September 11, 2003 Settlement Agreement to resolve disputes that had arisen

amongst them.   Under the Settlement Agreement, Plaintiff and Kapaa 382, LLC

agreed to provide the *Grinpas* plaintiffs an access and utilities easement through

Remnant 3.   The *Grinpas* plaintiffs allege that Plaintiff and Kapaa 382, LLC did not

convey the agreed-upon easement and that KPL refuses to convey the access and

utilities easement through Remnant 3.   *See* KPL Ex. 1 (*Grinpas* Complaint).

        The Fifth Circuit Court granted final judgment against Plaintiff and in

favor of the *Grinpas* plaintiffs with respect to their breach of contract claim.   The

state court ruled that Plaintiff breached the 2003 Settlement Agreement by failing to

convey the easement to the *Grinpas* plaintiffs, and Plaintiff did not appeal the final

judgment.   *See* KPL Ex. 9 (*Grinpas* Order Granting Final Judgment).   Following

the *Grinpas* plaintiffs' appeal of the Fifth Circuit Court's granting of partial

summary judgment to KPL, the matter was remanded back to the trial court.   In a

March 22, 2013 order, the Fifth Circuit Court denied Plaintiff's motion for summary

judgment, in which he argued that the Trustee Deed was forged, and therefore void. KPL Ex. 12 (2/15/13 Motion for Summary Judgment); KPL Ex. 13 (3/22/13 Order).

The parties now seek adjudication of the claims in Plaintiff's Complaint. KPL seeks dismissal on the grounds that Plaintiff's claims: (1) are barred by the statute of limitations; (2) violate the *Rooker-Feldman* doctrine; and (3) fail to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Fidelity seeks judgment on the pleadings on the grounds that: (1) none of Plaintiff's allegations state a claim against Fidelity; and (2) Plaintiff's claims sound in fraud and are barred by the applicable statute of limitations. Plaintiff seeks summary judgment on the issues raised in the KPL Motion on the grounds that (1) there is no genuine issue of material fact that the Trustee Deed was forged; and (2) Plaintiff did not have actual or constructive notice of the forged Trustee Deed prior to the running of the statute of limitations.

## STANDARD OF REVIEW

### I.    Motion to Dismiss

KPL seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Rule 12(b)(1) authorizes a district court to dismiss an action for lack of subject matter jurisdiction. "[T]he party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*,

586 F.3d 683, 685 (9th Cir. 2009).   Rule 12(b)(6) permits a motion to dismiss a

claim for failure to state a claim upon which relief can be granted.   Pursuant to

*Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"   555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 554, 570 (2007)).   "[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at

555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   Factual

allegations that only permit the court to infer "the mere possibility of misconduct"

do not constitute a short and plain statement of the claim showing that the pleader is

entitled to relief as required by Rule 8(a)(2).   *Id.* at 679.

Courts may "consider certain materials—documents attached to the

complaint, documents incorporated by reference in the complaint, or matters of

judicial notice—without converting the motion to dismiss into a motion for

summary judgment."   *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003);

8

*see also Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) (When ruling on a motion to dismiss, a court may also consider documents central to the allegations in a complaint even if the documents are not attached to the complaint, so long as the authenticity of the documents is undisputed.).   Accordingly, the Court takes judicial notice of the publicly recorded deeds and the documents filed in the state court action appended to the KPL Motion and Fidelity Motion.   *See United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (the court may take judicial notice of "matters of public record"); *Lindsey v. Matayoshi*, 2012 WL 1656931, at *4 (D. Haw. May 9, 2012) (explaining when the court may take judicial notice of documents); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

## II.   <u>Judgment On the Pleadings</u>

Fidelity brings its motion pursuant to Rule 12(c) for judgment on the pleadings.   The rule states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."   Fed. R. Civ. P. 12(c).   The standard governing a Rule 12(c) motion for judgment on the pleadings

is "functionally identical" to that governing a Rule 12(b)(6) motion.   *United States*

*ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1054 n.4 (9th Cir.

2011).   "Judgment on the pleadings under Rule 12(c) is proper when the moving

party establishes on the face of the pleadings that there is no material issue of fact

and that the moving party is entitled to judgment as a matter of law."   *Jensen*

*Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist*., 644 F.3d

934, 937 n.1 (9th Cir. 2011).

       Generally, when matters outside the pleadings are considered, a motion

for judgment on the pleadings must be construed as one for summary judgment

under Rule 56 of the Federal Rules of Civil Procedure.   *See* Fed. R. Civ. P. 12(d).

Courts have held, however, that when adjudicating a Rule 12(c) motion, courts may

consider matters subject to judicial notice without converting the motion into one for

summary judgment.   *See Heliotrope Gen., Inc. v. Ford Motor Co*., 189 F.3d 971,

981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the

pleadings, this court may consider facts that are contained in materials of which the

court may take judicial notice." (quotation marks omitted)); *accord Lacondeguy v.*

*Adapa*, 2011 WL 9572, at *2 (E.D. Cal. Jan. 3, 2011); *Williams v. City of Antioch*,

2010 WL 3632199, at *2 (N.D. Cal. Sept. 2, 2010).

### III.   Motion for Summary Judgment

Plaintiff seeks summary judgment pursuant to Rule 56.   Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Because neither Defendant filed a motion grounded in Rule 56, Plaintiff's "Counter-Motion for Summary Judgment" is a misnomer.   In light of the Court's granting of the KPL Motion and Fidelity Motion, however, the Court concludes that Plaintiff is not entitled to judgment under either Rule 12 or Rule 56.

### DISCUSSION

### I.   Plaintiff's Claims Sound in Fraud

Whether styled as claims for declarative and injunctive relief, forgery, "uttering" a forged deed, trespass, or ejectment, Plaintiff's claims unmistakably sound in fraud.

Plaintiff alleges that the Trustee Deed was "alter[ed]" (Complaint ¶ 19), was "fraudulently modified to remove the easement at paragraph 16 and paragraph 12 regarding unrecorded interests," (Complaint ¶ 20), and was a "forged deed" (Complaint ¶ 23).   Count I states that the Trustee Deed "was an altered instrument and is a forgery," and asks the Court to declare it "void."   Complaint

11

¶¶ 24-25.   Count II claims that "KPL knowingly and fraudulently offered the forged Trustee's Deed as a true and correct [sic] in court proceedings," which "constitutes the crime of uttering," and seeks an injunction barring KPL "from uttering the forged Trustee Deed[.]"   Complaint ¶¶ 27-30.   Count III asserts that KPL retains physical possession of the property despite knowing that "the deed to it was forged and is void," and that Plaintiff is entitled to an order of ejectment based on KPL's "intentional and knowing trespass."   Complaint ¶¶ 33-34.

In order to succeed on any of these purported causes of action, Plaintiff must establish fraudulent conduct with respect to the Trustee Deed.   Regardless of the label given by Plaintiff, the underlying factual allegations and relief sought relate to Defendants' purportedly intentional, fraudulent conduct.   *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)."); *State Farm Fire & Cas. Co. v. Metropolitan Mgmt.*, 2007 WL 4157148, at *8 (D. Haw. Nov. 23, 2007) ("Hawaii courts do not look merely at the label that a litigant places on his claim, but at the underlying facts alleged in the pleadings.").

**II.**      **Plaintiff's Claims Are Barred By the Statute of Limitations**

    **A.**      **Six-Year Statute of Limitations Applies**

       Plaintiff's claims are subject to a six-year statute of limitations because they sound in fraud.   "Personal actions of any nature whatsoever not specifically covered by the laws of the State" have a limitations period of six years. HRS § 657-1(4).   Claims sounding in fraud, whether based on state or federal law, are governed by this six-year statute of limitations.   *Mroz v. Hoaloha Na Eha, Inc.*, 360 F. Supp. 2d 1122, 1135 (D. Haw. 2005) (citing *Eastman v. McGowan*, 946 P.2d 1317, 1323 (Haw. 1997)); *see also Au v. Au*, 63 Haw. 210, 217, 626 P.2d 173, 179 (1981) (holding that "[s]ince fraudulent representations are not governed by a specific limitations period, the general limitations period set forth in HRS § 657-1(4) applies"); *Trost v. Embernate*, 2011WL 6101543, *3 (D. Haw. Dec. 7, 2011) ("Accordingly, because Plaintiff's Complaint asserts a breach of fiduciary duty claim based on fraud, the applicable statute of limitations is HRS § 657-1(4).").

       Plaintiff argues in opposition that Hawaiʻi courts do not apply a statute of limitations defense to a forged deed, and that constructive notice does not apply to a forged deed recordation.   In an apparent attempt to skirt the applicable statute of limitations, Plaintiff styled his primary claim as one for declaratory relief, and argues that "there is no statute of limitations over declaratory relief actions related to

regular system property based on a claim of a forged deed." Pl.'s Mem. in Opp. to

KPL Motion at 3 (citing *Palau v. Helemano Land Co.*, 22 Haw. 357, 361 (Haw. Terr.

1914)[1]). Plaintiff unsuccessfully argues that "a forged deed is not a common law

fraud" because forgery is a crime pursuant to HRS § 708-850. Pl.'s Mem. in Opp.

to Fidelity Motion at 8. The state criminal statute, however, does not provide for

any civil cause of action or civil penalties. As discussed previously, Plaintiff's

artful pleading does not change the fact that his claims sound in fraud. *See, e.g.,*

*Balog v. Center Art Gallery-Hawaii, Inc.*, 745 F. Supp. 1556, 1562 (D. Haw. 1990)

("[P]laintiffs who wish to pursue damage claims for being sold counterfeit or forged

artwork must pursue their damages under the common law, general fraud provisions,

if any, or the Uniform Commercial Code as it has been enacted in that

---

[1] *Palau* itself does not address whether a limitations period applies to forged deed claims. Rather, it held that a plaintiff does not need to first bring a suit in equity seeking cancellation of a deed before determining title to the land. *Palau* explains as follows:

> Counsel for the complainant correctly contends that the title should be tried at law, but he is mistaken in assuming that the complainant is unable to proceed at law unless the deeds in question be first cancelled. The complainant being out of possession is in position to, at any time, bring an action of ejectment and therein litigate the title to the land, including the question of the alleged forgery. A forged deed is void and passes no title. The fact of forgery may be shown at law, in ejectment, as well as in equity, in a suit for cancellation.

(citations omitted). That is, *Palau* addressed the availability of an action in equity or at law, and did not speak to whether a limitations period is applicable.

14

jurisdiction."); *Scott D. Erler, D.D.S. Profit Sharing Plan v. Creative Finance & Investments, L.L.C.*, 203 P.3d 744, 750 (Mont. 2009) ("A forgery is the 'false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability.'") (quoting 23 Am. Jur. 2d. Deeds § 164 (2002)).   Accordingly, the Court applies the six-year statute of limitations in HRS § 657-1(4).

### B. Plaintiff's Claim Accrued Outside the Limitations Period

The Court next turns to when the statute of limitations period on Plaintiff's fraud-based claims began to run.   "Claims for fraud, whether based on state or federal law, arise when the fraud is or should have been discovered."   *Mroz*, 360 F. Supp. 2d 1122, 1135 (citing *First Interstate Bank v. Hartley*, 681 F. Supp. 1457, 1460 (D. Haw. 1988)); see also *Assoc. of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.*, 115 Haw. 232, 270, 167 P.3d 225, 277 (2007) (Holding that under HRS § 657-7, "a claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered[,]" the cause of action.).

There is no dispute that the Trustee Deed was recorded in the Bureau of Conveyances on August 28, 2002 as Document Number 2002-152285.   *See* Complaint ¶ 20.   Defendants point to several cases from other jurisdictions holding

15

that public records serve as constructive notice for actions predicated on fraudulent conduct when, as here, the public record itself constitutes evidence of the fraud. For example, in *Price v. Price*, 2007 WL 2234585, at *7 (Wash. App. Aug. 6, 2007), the court held that the party challenging a publicly recorded deed had constructive notice of its contents.   *Price* explained that:

> When properly recorded, an instrument involving real property provides notice to all the world of its contents.   Accordingly, when the facts upon which the fraud is predicated are contained in a written instrument placed on the public record, there is constructive notice of its contents, and the statute of limitation begins to run as of the date of the recording of the instrument.

*Id.* (citations omitted).

Under Hawaiʻi law, constructive notice "arise[s] as a legal inference, where circumstances are such that a reasonably prudent person should make inquiries, [and, therefore,] the law charges a person with notice of facts which inquiry would have disclosed."   *SGM Partnership v. Nelson*, 5 Haw. App. 526, 529, 705 P.2d 49, 52 (1985) (citation omitted; brackets in original).   Although Hawaiʻi courts have not addressed whether the recording of a deed serves as constructive notice for purposes of a fraud claim, courts in the state have recognized that the recording of a document gives notice to the general public of the conveyance.   *See Markham v. Markham*, 80 Hawaiʻi, 274, 281, 909 P.2d 602, 609 (App. 1996) (noting

16

that the "central purpose of recording a conveyance of real property is to give notice to the general public of the conveyance and to preserve the recorded instrument as evidence").

The Court agrees with the decisions of those courts holding that a publicly recorded document, such as the Trustee Deed, provides constructive notice where the document itself constitutes evidence of the fraud.   *See, e.g., Price,* 2007 WL 2234585, at *7; *Transamerica Ins. Co. v. Trout*, 701 P.2d 851, 854 (Ariz. App. 1985) ("The statutory period may begin to run on the date of recording if the recorded deed sets forth facts from which the aggrieved party should have realized it had a cause of action.   Thus, where a deed explicitly sets forth facts detailing the entire consideration given for the property, creditors are deemed to have discovered any inadequacy of consideration when the deed was recorded.   Similarly, when the deed, considered in the light of other facts known to the creditor, should have put him on notice of fraud, the statute begins to run when the deed is recorded.") (citation omitted); *Ayers v. Davidson*, 285 F.2d 137, 139 (5th Cir. 1960) (holding that the recording of a document "is notice to all the world, and that when the instrument itself is the one upon which a suit to cancel for fraud is based, then the statute begins to run from the date the instrument is filed for record"); *see also Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 158 (S.D. Cal. 1954) ("The

17

California statute of limitations applicable here provides a three-year period from discovery of 'the facts constituting the fraud. . . .'   Although intervener pleads neither the date of discovery nor the circumstances surrounding discovery of the alleged fraud, the facts of public record appear to have placed intervener on constructive notice well more than three years prior to action taken.") (citations omitted).

Accordingly, Plaintiff is charged with constructive knowledge of the contents of the Trustee Deed on the date it was recorded, August 28, 2002. Plaintiff's Complaint was not filed until April 26, 2013, more than six years after the recording of the allegedly forged deed, and, therefore, Plaintiff's claims sounding in fraud are barred by the applicable statute of limitations.

### C.   Plaintiff Fails to Establish Fraudulent Concealment

Plaintiff's Complaint states that "[a]s a result of fraudulent concealment by Fidelity and KPL, Mr. Hancock did not learn of the forged deed until 2013."   Complaint ¶ 23.   Plaintiff's bare assertion, however, is insufficient to survive the instant motions.   Under HRS § 657-20, a statute of limitations may be extended due to "fraudulent concealment" as follows:

> If any person who is liable to any of the actions mentioned in this part or section 663-3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the

18

> claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

HRS § 657-20.

> Fraudulent concealment has been defined as "employment of artifice, planned to prevent inquiry or escape investigation, and mis[lead] or hinder acquirement of information disclosing a right of action.   The acts relied on must be of an affirmative character and fraudulent."   *Lemson v. General Motors Corp*., 66 Mich. App. 94, 97, 238 N.W.2d 414, 415 (1975).   Fraudulent concealment involves the actions taken by a liable party to conceal a known cause of action.

*Au*, 63 Haw. at 215, 626 P.2d at 178 (some citations omitted).   "The fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action."   *Id.* at 215-16, 626 P.2d at 178 (citation omitted).

Plaintiff does not set forth any facts to support a plausible allegation of fraudulent concealment.   He points to no conduct by either Defendant to conceal anything, including the existence of Plaintiff's current causes of action, and fails to allege any acts by Defendants "to prevent him from suing in time[.]"   *Tanaka v. First Hawaiian Bank*, 104 F. Supp. 2d 1243, 1253 (D. Haw. 2000).   Nor is it evident how he can.   On the contrary, the record shows that the allegedly forged Trustee

19

Deed and its contents have been the subject of litigation between the parties to the state court action since 2007.   During the *Grinpas* trial, Plaintiff testified that the recorded Trustee Deed did not convey the disputed easement, and that its omission was a "mistake."   Fidelity Ex. J (7/13/09 Trial Tr.) at 49-50.   At Plaintiff's deposition taken February 13, 2013, Plaintiff stated that he did not realize before he signed the Trustee Deed that it did not reference the easement.   In response to the question, "When did you discover that there was no explicit mention of the Grinpas easement [in the Trustee Deed]?" Plaintiff responded, "I think when this matter came up in 2007."   Fidelity Ex. B (Hancock Dep. Tr.) at 58-60.   Plaintiff's claim that Defendants fraudulently concealed the existence of his cause of action until 2013 is not consistent with his earlier statements that he knew the facts underlying his cause of action in 2007.

Moreover, as set forth above, the alleged facts that Plaintiff contends were concealed are evident on the face of the Trustee Deed recorded in 2002.   *See Ayers*, 285 F.2d at 139 ("[I]n short, when the deed contains the alleged fraudulent conduct on its face and is then filed for record, there is no longer any concealment of the fraud and the exception to the statute of limitations for concealed fraud does not apply.   The theory is that once the instrument is recorded the fraud is no longer concealed.").

20

In short, Plaintiff's naked attempt to resurrect his time-barred claims by alleging fraudulent concealment is unavailing.   The Court GRANTS the KPL Motion and Fidelity Motion because Plaintiff's claims are time-barred and finds that amendment would be futile.[2]

## CONCLUSION

On the basis of the foregoing, the Court GRANTS Defendant Kulana Partners, LLC's Motion to Dismiss Complaint, filed on June 24, 2013, and Defendant Fidelity National Title & Escrow of Hawaii Inc.'s Motion for Judgment

---

[2] Although the Court bases its ruling on the statute of limitations, Plaintiff's claims are also likely barred by the *Rooker-Feldman* doctrine.   Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments."   *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   Although artfully styled to avoid mention of the state court orders in *Grinpas*, Plaintiff appears to seek a de facto appeal of the state court decisions allowing the "uttering" of the Trustee Deed and rejecting Plaintiff's forgery theory.   His present claims are inextricably intertwined with the various state court judgments in *Grinpas*.   *See Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) ("Thus, we have found claims inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling.") (citation and quotation marks omitted).

Even if *Rooker-Feldman* did not bar Plaintiff's claims, *res judicata* would.   Generally, the doctrines of claim preclusion and issue preclusion prevent parties from relitigating claims or issues that have already been decided by a competent tribunal.   *See, e.g.*, *Santos v. State of Hawaii*, 64 Haw. 648, 651-52, 646 P.2d 962, 965 (1982).   Here, claims regarding the forged Trustee Deed were either actually litigated in the *Grinpas* state court action, or could have been litigated in that action.   There is a final state court judgment, and the parties (Plaintiff and KPL) are the same in both actions.   *See Hanson v. Palehua Community Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013).   Thus, Plaintiff's claims against KPL would be barred for this independent reason.

on the Pleadings, filed on September 6, 2013.   The Court DENIES Plaintiff William

R. Hancock individually and as Trustee of Hancock and Company, Inc. Profit

Sharing Trust's Counter-Motion for Summary Judgment and Preliminary

Injunction, filed on October 11, 2013.   The Clerk of Court is directed to close this

case.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAI'I, January 10, 2014.



Derrick K. Watson
United States District Judge

---

*William R. Hancock v. Kulana Partners, LLC, et al.;*
CIVIL No. 13-00198 DKW RLP; ORDER (1) GRANTING DEFENDANT
KULANA PARTNERS, LLC'S MOTION TO DISMISS COMPLAINT; (2)
GRANTING DEFENDANT FIDELITY NATIONAL TITLE & ESCROW OF
HAWAII INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND
(3) DENYING PLAINTIFF WILLIAM HANCOCK'S COUNTER-MOTION FOR
SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION