IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM R. HANCOCK, individually and as Trustee of HANCOCK AND COMPANY, INC. PROFIT SHARING TRUST, under trust instrument April 3, 1983,<br><br>Plaintiff,<br><br>vs.<br><br>KULANA PARTNERS, LLC, a Hawaii limited liability company; FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC., a Hawaii corporation,<br><br>Defendants. | CIVIL NO. 13-00198 DKW-RLP<br><br>**ORDER REGARDING SUBJECT MATTER JURISDICTION** |

## ORDER REGARDING SUBJECT MATTER JURISDICTION

By memorandum dated November 7, 2016, the United States Court of Appeals for the Ninth Circuit directed this Court to assess whether diversity exists between the parties, whether this case is "related to" a bankruptcy proceeding under 28 U.S.C. § 1334(b), or whether there is any other basis for federal court jurisdiction. *See* Dkt. No. 56. Based on the uncontested submissions of the parties, the Court concludes that diversity jurisdiction exists in this case pursuant to

28 U.S.C. § 1332(a)(1).[1]

## DISCUSSION

**I.      Diversity Jurisdiction**

A federal court has diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.   28 U.S.C. § 1332.   "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).   A limited liability company "is a citizen of every state of which its owners/members are citizens," not the state in which it was formed or does business.   *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

In the jurisdictional allegation of his Complaint, Plaintiff William R. Hancock alleges that Kulana Partners, LLC ("KPL") is "a Hawaii Limited Liability company and a citizen of the State of Hawaii."   Complaint ¶ 2.   The Complaint, however, does not allege the citizenship of each of the members of KPL.   *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of

---

[1] Because the Court concludes that diversity jurisdiction exists, it does not reach the potential jurisdictional alternatives identified by the Ninth Circuit.

complete diversity can be confirmed."). The citizenship of each of the members of a limited liability company must be pled. *Johnson*, 437 F.3d at 899. When judgment entered in this matter on January 10, 2014, neither the parties nor the Court had identified the defect in Hancock's jurisdictional allegations.

**II.     Diversity Existed At The Time Of The Filing Of The Complaint**

Following the Ninth Circuit's limited remand, the Court solicited additional information from the parties regarding the citizenship of KPL, among other things. The parties agree that complete diversity exists. Moreover, Defendants do not dispute Hancock's allegation that the jurisdictional amount for purposes of diversity has been satisfied. *See* Complaint ¶¶ 5-6.

**A.     Citizenship of Hancock**

Hancock, individually and as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust Instrument April 3, 1993, alleges that he was a citizen of Nevada at the time of filing the Complaint. *See* Complaint ¶ 1. He further avers that he intends to reside and remain domiciled in the State of Nevada. *See* Hancock Decl. ¶ 8.

**B.     Citizenship of Fidelity**

Defendant Fidelity National Title & Escrow of Hawaii, Inc. ("Fidelity") admits in its Answer that it is a citizen of Hawaii. Dkt. No. 14 (6/19/13 Answer

¶ 1). Further, Fidelity does not dispute Hancock's showing that it has not registered to do business in Nevada for purposes of its corporate citizenship. *See, e.g.,* Hogan Decl. Ex. F.

### C. Citizenship of KPL

None of the members of KPL were citizens of Nevada at the time the action was commenced. The four members of KPL and their respective citizenships are: C. Dustin Crane (Georgia); Milan S. Crane (Utah); Curtis R. Crane (Arizona); and F. Michael Crane (Utah). *See* C. Dustin Crane Decl. ¶ 4; Milan S. Crane Decl. ¶ 4; Curtis R. Crane Decl. ¶ 4; and F. Michael Crane Decl. ¶ 4. *See also* Hogan Exs. B and C.

### D. Complete Diversity Exists Based Upon The Record Evidence

Based upon the foregoing, complete diversity exists between Hancock, on one hand, and Defendants Fidelity and the individual members of KPL, on the other. Although the Complaint did not allege the citizenship of the members of KPL, the previously defective jurisdictional allegations are not fatal. The Court is satisfied that the uncontroverted evidence submitted for purposes of the limited remand cures the jurisdictional deficiency, and amendment of the pleadings is neither economical nor required. As the Ninth Circuit recently explained:

> Defective jurisdictional allegations are not fatal, however. A judgment is only void where there is a "total want of

> jurisdiction" as opposed to an "error in the exercise of jurisdiction." *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) (internal quotation marks omitted). Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings. The operative statute, 28 U.S.C. § 1653, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." We agree that "[s]ection 1653's liberal amendment rule permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." *D.C. ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986). The intent of the provision is to avoid the needless expenditure of judicial resources where a court can instead "permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 639 (2d Cir. 2005) (internal quotation marks omitted).

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612-13 (9th Cir. 2016). *See also Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) ("The whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship[.]"); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[W]e need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing us of the parties' citizenship.").

## **CONCLUSION**

Upon the limited remand from the Ninth Circuit for purposes of assessing

the basis of federal court jurisdiction, the Court determines that the requirements of diversity jurisdiction set forth in 28 U.S.C. § 1332(a)(1) are satisfied.

The parties shall notify the appellate panel that has retained jurisdiction to hear any future appeals in this matter of this Court's finding regarding subject matter jurisdiction.

IT IS SO ORDERED.

DATED: February 1, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Hancock v. Kulana Partners, LLC et al.*; CV 13-00198 DKW-RLP; **ORDER REGARDING SUBJECT MATTER JURISDICTION**