IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM R. HANCOCK, *individually and as trustee of Hancock and Company, Inc.*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KULANA PARTNERS, LLC, *et al.*,<br><br>Defendants. | Case No. 13-cv-00198-DKW-WRP<br><br>**ORDER VACATING JUDGMENT, VACATING ORDER IN PART, AND SETTING BRIEFING SCHEDULE** |

This matter comes before the Court following the Hawaiʻi Supreme Court's answering of certified questions ("Supreme Court Order"), Dkt. No. 97, and the parties' Joint Proposed Scheduling Order, Dkt. No. 100.

On January 10, 2014, this Court entered an Order granting Defendant Kulana Partners, LLC's motion to dismiss, granting Defendant Fidelity National Title & Escrow of Hawaii Inc.'s motion for judgment on the pleadings, and denying Plaintiff William Hancock's counter-motion for summary judgment and preliminary injunction ("Order"). Dkt. No. 49. The Court did so on the basis of a statute-of-limitations argument that Defendants had raised in their motions. On January 14, 2014, Judgment was entered in favor of Defendants. Dkt. No. 50.

After Plaintiff appealed the Order, *inter alia*, on June 9, 2017, the Ninth Circuit Court of Appeals vacated the Judgment and remanded for this Court to certify two questions to the Hawaiʻi Supreme Court. Dkt. No. 70. The same day, this Court certified the questions, as directed. Dkt. No. 71.

On November 13, 2019, after re-framing the certified questions, the Hawaiʻi Supreme Court answered the same. Dkt. No. 97. Following receipt of the Supreme Court Order, this Court instructed the parties to file a joint statement setting forth a proposed plan and schedule going forward for this action. Dkt. No. 98. On December 31, 2019, the parties filed their joint statement. Dkt. No. 100.

In their joint statement, the parties agree that, in light of the Hawaiʻi Supreme Court Order, there is no longer a basis to grant Defendants' motions on the basis of the statute-of-limitations. *Id*. at 3. The Court agrees. Therefore, in light of the foregoing, the Clerk is instructed to VACATE the Judgment, Dkt. No. 50.[1] In addition, the Clerk is instructed to VACATE the Order, Dkt. No. 49, to the extent the Order determined that Plaintiff's claims were barred by the statute-of-limitations.

Because the basis for dismissing Plaintiff's claims has been vacated, and this case has, thus, been re-opened, it is necessary to proceed anew. Having considered the parties' positions in their joint statement, the Court concludes that it is most

---

[1]The Court recognizes that this direction to the Clerk may not be necessary in light of the Ninth Circuit having vacated the Judgment on June 9, 2017 and subsequently issuing its mandate on July 25, 2017. *See* Dkt. Nos. 70, 76. Nonetheless, the Court does so for purposes of clarity.

efficient to set a briefing schedule in order to address the arguments raised in Defendants' motions that were not relied upon by the Court in its January 2014 Order dismissing Plaintiff's claims. Accordingly, the Court sets the following briefing schedule:

- On or before February 7, 2020, Defendants, individually or collectively, may file a supplemental brief in support of the arguments raised in their original motions and not as-yet conclusively determined by this Court.

- On or before February 21, 2020, Plaintiff may file a response brief in opposition to any argument raised in Defendants' supplemental brief(s).

- On or before March 6, 2020, Defendants may file an optional reply brief in support of their positions.

Pursuant to Local Rule 7.1(c), the Court elects to decide the foregoing without a hearing. Each brief described above shall not exceed **ten (10)** pages, except any optional reply shall not exceed **six (6)** pages. To be clear as to the expected content of the parties' briefs, they should not reiterate arguments previously asserted either in their original motions or oppositions. Instead, the parties may simply cite the relevant pages upon which the arguments they wish to rely anew may be found. In the event that some new and relevant legal argument, factual event, or change in the

law has taken place in the time period since the parties' original arguments were made, the parties may present those arguments or events in their supplemental briefs.

IT IS SO ORDERED.

Dated: January 8, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge