IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM R. HANCOCK, *individually and as trustee of Hancock and Company, Inc.*, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>KULANA PARTNERS, LLC, *et al.*,<br><br>             Defendants. | Case No. 13-cv-00198-DKW-WRP<br><br>**ORDER GRANTING MOTION TO STAY** |

Defendant Fidelity National Title & Escrow of Hawaii, Inc. ("Fidelity") moves to stay this case pending a decision in a case currently before the Hawaiʻi Supreme Court. Dkt. No. 102. Because no opposition has been filed to the motion to stay,[1] and because a stay is warranted under the circumstances, the motion to stay is GRANTED for the reasons set forth below.

### **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and

---

[1] Defendant Kulana Partners, LLC has moved to join in the motion to stay. Dkt. No. 104. The motion for joinder is GRANTED. Plaintiff William R. Hancock, individually and as trustee, has filed a statement of no opposition to the motion to stay. Dkt. No. 112. Plaintiff states that he does not oppose the motion to stay due to the "changed circumstances of the COVID19 Pandemic." The "COVID19 Pandemic," however, is not the basis for the motion to stay, and it has no clear relationship to whether a stay is appropriate in this case.

effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110 (citing *CMAX*, 300 F.2d at 268). Those interests include: (A) "the possible damage which may result from the granting of a stay," (B) "the hardship or inequity which a party may suffer in being required to go forward," and (C) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

## DISCUSSION

As this Court has previously noted, issues in this case, including issues regarding the applicability of res judicata and the *Rooker-Feldman* doctrine, for which supplemental briefing is due in May 2020, are "inextricably intertwined" with issues in the case pending before the Hawaiʻi Supreme Court. *See* 1/10/14 Order at 21 n.2, Dkt. No. 49. In other words, as Fidelity asserts in the motion to stay, at the

very least, a decision in the case before the Hawaiʻi Supreme Court could have a "substantial impact" on this case, including on the need for this Court to even address the above-mentioned issues. *See* Dkt. Nos. 102-1 at 10. In this light, the Court finds no possible damage from granting a stay, the parties will be prejudiced by having to go forward with this case, and there is a likelihood of the issues here being simplified by a stay. *See Lockyer*, 398 F.3d at 1110. As a result, the motion to stay is GRANTED.

## CONCLUSION

For the reasons set forth herein, the motion to stay, Dkt. No. 102, is GRANTED. As a result, all proceedings in this case, including the briefing required by the Court's January 24, 2020 Entering Order and Fidelity's Motion to Strike Jury Demand, Dkt. No. 103, are STAYED pending a decision by the Hawaiʻi Supreme Court in *Grinpas et al. v. Kapaa 382, LLC et al.*, No. SCWC-14-0000870. Within thirty (30) days of entry of a decision by the Hawaiʻi Supreme Court, the parties shall file a joint status report in this case.

IT IS SO ORDERED.

Dated: April 20, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge