IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM R. HANCOCK, *individually and as trustee of Hancock and Company, Inc.*,<br><br>Plaintiff,<br><br>v.<br><br>KULANA PARTNERS, LLC, *et al.*,<br><br>Defendants. | Case No. 13-cv-00198-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANT KULANA PARTNERS' SUPPLEMENTAL MOTION TO DISMISS; (2) GRANTING DEFENDANT FIDELITY'S SUPPLEMENTAL MOTION FOR JUDGMENT ON THE PLEADINGS; (3) DENYING AS MOOT MOTION TO STRIKE JURY DEMAND; AND (4) DISMISSING CASE WITHOUT LEAVE TO AMEND** |

## INTRODUCTION

On January 10, 2014, this Court dismissed Plaintiff's claims as barred by a six-year statute of limitations.   At the same time, the Court also noted that Plaintiff's claims were likely further barred by the *Rooker-Feldman* doctrine and res judicata, but did not dismiss the case on those grounds.   Following an appeal to the Ninth Circuit Court of Appeals and the answering of certified questions by the Supreme Court of Hawaiʻi, the January 10, 2014 order was vacated to the extent it found Plaintiff's claims barred by the statute of limitations.

Subsequently, the Court approved an unopposed request for a stay in order to allow the Hawaiʻi Supreme Court to rule in a related state court proceeding

involving most of the parties in this case.   Now, after a decision by the Hawaiʻi Supreme Court and a partial lifting of the stay in this case, Defendants have supplemented their original Rule 12 motions by asserting defenses raised therein but not addressed by the Court in 2014, including *Rooker-Feldman*, res judicata, and failure to state a claim.

Having reviewed the original and supplemental briefing from all parties, the Court finds that this case must be dismissed without leave to amend for various reasons.   With respect to Defendant Kulana Partners, LLC (Kulana), Plaintiff's claims are barred by res judicata because Plaintiff either did or could have litigated its claims in the state court proceeding between Plaintiff and Kulana, and no recognized exception applies.   As for Defendant Fidelity National Title & Escrow of Hawaii Inc. (Fidelity), none of the claims in the Complaint are directed at Fidelity, nor could they be in light of the nature of the claims asserted.   Therefore, as more fully discussed below, Defendants' supplemental motions, Dkt. Nos. 118, 119, are GRANTED, and this case is DISMISSED WITHOUT LEAVE TO AMEND.

## RELEVANT PROCEDURAL BACKGROUND

The parties are undoubtedly more than fully aware of the procedural background of not only this case, but also the state court litigation between them

2

that has proceeded for more than a decade.   That history need not be repeated in full here.   Of particular relevance, the Court points to, *inter alia*, its own January 10, 2014 Order setting forth the procedural and factual background up to that point, *see* Dkt. No. 49 at 3-7, and the Hawaiʻi Supreme Court's recent June 29, 2020 Opinion recounting the procedural and factual background of, in particular, the parties' state court litigation prior and subsequent to this Court's 2014 Order, *see* Dkt. No. 115-1 at 7-16.   The Court also adds the following since the partial lifting of the stay on July 24, 2020:

On August 14, 2020, Fidelity and Kulana each filed supplemental briefing in support of their original motion for judgment on the pleadings and motion to dismiss, respectively.   Dkt. Nos. 118-119.   Fidelity asserts that the claims in this case should be dismissed because (1) the claims are not directed at Fidelity and/or Plaintiff has failed to state a claim against it, (2) the Court should decline to exercise jurisdiction under the Declaratory Judgment Act, and (3) collateral estoppel/issue preclusion bars Plaintiff's claims.   Dkt. No. 118.   Kulana moves for dismissal on the following grounds: (1) *Rooker-Feldman*;[1]  (2) res judicata; and (3) failure to comply with Federal Rule of Civil Procedure 9(b).

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

On August 27, 2020, Plaintiff William R. Hancock (Hancock or Plaintiff), individually and as trustee of Hancock and Company, Inc. Profit Sharing Trust, filed a supplemental opposition to Defendants' motions.   Dkt. No. 120.   On September 4, 2020, Fidelity and Kulana each filed supplemental reply briefs in support of their motions.   Dkt. Nos. 121-122.   Finally, prior to the imposition of the stay in this case, Fidelity filed a motion to strike jury demand.   Dkt. No. 103. However, due to the subsequent imposition of the stay and only a partial lifting of the same, no further briefing has been submitted in connection with that motion.

This Order now follows.

## STANDARD OF REVIEW

### I.   Federal Rule of Civil Procedure 12(b)

Kulana moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).   A challenge to the Court's subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1).   Fed.R.Civ.P. 12(b)(1).   When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).   Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC*

*Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v.*

*Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## II.   <u>Federal Rule of Civil Procedure 12(c)</u>

Fidelity moves under Federal Rule of Civil Procedure 12(c) for judgment on

the pleadings.   Rule 12(c) provides that, "[a]fter the pleadings are closed…a party

may move for judgment on the pleadings."   The standard governing a Rule 12(c)

motion is "functionally identical" to that governing a Rule 12(b)(6) motion.

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054

n.4 (9th Cir. 2011).

## <u>DISCUSSION</u>

The Court addresses the arguments presented by each of the defendants in

turn, starting with Kulana's motion to dismiss.

## I.   <u>Kulana's Motion to Dismiss</u>

Kulana contends that Plaintiff's claims are barred by res judicata.   A court

sitting in diversity, as here, *see* Compl. at ¶ 6 (Dkt. No. 1), "must apply the res

judicata law of the state in which it sits."   *Costantini v. Trans World Airlines*, 681

F.2d 1199, 1201 (9th Cir. 1982).   In Hawaiʻi, res judicata (or, as it is also known,

claim preclusion) "precludes not only the relitigation of claims or defenses that

were litigated in a previous lawsuit, but also of all claims and defenses that might

have been properly litigated, but were not litigated or decided." *Eastern Savings Bank, FSB v. Esteban*, 296 P.3d 1062, 1067 (2013) (quotation omitted). Ultimately -

> the party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim presented in the action in question is identical to the one decided in the original suit, or to a claim or defense that might have been properly litigated in the first action but was not litigated or decided.

*Id*. at 1068.

Here, Kulana has met this burden.  First, it cannot be disputed that a final judgment has now been entered in the state court proceeding between, *inter alia*, Hancock and Kulana–specifically, in the form of the Hawaiʻi Supreme Court's June 29, 2020 opinion affirming the judgment of the Intermediate Court of Appeals (ICA).  *See* Dkt. No. 115-1.  Second, it equally cannot be disputed that both Hancock and Kulana were parties to the above-mentioned proceeding and judgment.  Third, in the above-mentioned state proceeding, Hancock does not contest that he, at a minimum, *could* have litigated the issue of whether the trustee deed constituted a forgery, the principal focus of his claims here.[2]  Specifically, he

---

[2]Indeed, Hancock's August 2020 supplemental opposition does not address the applicability of *any* of the res judicata elements.  *See* Dkt. No. 120 at 7-10.

could have raised that issue as a defense or counterclaim to the cross-claims Kulana asserted against him in the state court proceeding regarding whether the trustee deed contained an easement over Remnant Three, as he asserted it did. *See Eastern Savings Bank*, 296 P.3d at 1067-68 (citing Restatement (Second) of Judgments and explaining that principles of res judicata are reflected in Sections 18 and 22 of the Restatement); Restatement (Second) of Judgments § 18 cmt. c. (explaining that, when a plaintiff brings an action upon a judgment, "the defendant cannot avail himself of defenses he might have interposed in the original action," and illustrating this principle as follows: "A brings an action against B on a promissory note. B defaults. Judgment is given for A. A brings an action against B on the judgment. In this action B is precluded from denying that he executed the note and from setting up an affirmative defense such as fraud or illegality."); *id*. § 22(2) (providing that a defendant may not bring an action on a counterclaim after the rendition of judgment in another action if (a) the counterclaim must be interposed as a compulsory counterclaim, or (b) "[t]he relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action."); *id*. § 22 cmt. f. (illustrating the circumstances under which a counterclaim would nullify or impair the initial judgment as follows: "A brings an

action against B to quiet title to certain real estate and obtains judgment by default. B then brings an action against A to quiet title to the same property, alleging that at the time of the first action, B had acquired title to the property by adverse possession. The action is precluded.").   Here, by way of either a defense or counterclaim that could (and should) have been asserted in the state court proceeding between Hancock and Kulana, Hancock now seeks to impair the rights of Kulana by having this Court determine that the trustee deed is "VOID…." Compl. at 8 (¶ B).[3]   This is, simply, something that the foregoing authorities do not permit him to do.

Rather than contesting these now undisputed matters in his supplemental opposition, Hancock instead appears to argue that even if the res judicata test has been met, two "exceptions" apply.   *See* Dkt. No. 120 at 7-10.   More specifically, Hancock appears to assert that res judicata does not apply because (1) a "court in the first action has expressly reserved the plaintiff's right to maintain the second action[,]" and (2) "reasonable diligence" could not have discovered the fraudulently concealed/forged trustee deed in time to make it an issue in the state court proceeding.   *Id*. (quotation omitted).   Each of these arguments is meritless.

---

[3]Hancock's supplemental opposition goes so far as to suggest that this Court should "quiet the Remnant 3 title once and for all."   Dkt. No. 120 at 10.

First, contrary to Hancock's belief, the Hawaiʻi Supreme Court did not reserve, expressly or otherwise, his right to pursue a claim of forgery in this case. As an initial matter, Hancock cites not a shred of authority for the proposition that a state court, even the highest state court, could, in the absence of certification, make a legal ruling that would bind a federal court regarding what claims that federal court could consider.   Moreover, even if a state court had such authority, Hancock misconstrues the language from the Hawaiʻi Supreme Court on which he relies.

The Hawaiʻi Supreme Court concluded that "claim preclusion" was an issue not "properly before" the ICA and, thus, should not have been addressed by the ICA.   *See* Dkt. No. 120 at 8-10.   Hancock, perhaps understandably, does not explain why he believes this language means that res judicata cannot apply here. *See id*.   The language Hancock quotes makes one thing clear: the *ICA* did not need to and should not have addressed the issue of claim preclusion.   Because *this court* is not the ICA, the issue of res judicata is more than available for application here.

Second, the "fraudulent concealment" exception, assuming it even exists, is not available under the circumstances presented here.   As an initial matter, as explained above, when applying principles of res judicata in a diversity proceeding, the rules of the state in which the district court sits apply.   Hancock

10

cites no authority from Hawaiʻi supporting the existence of such a fraudulent concealment "exception" to res judicata, *see* Dkt. No. 120 at 7-8, nor has the Court's independent research found any.   In addition, even if the Court were to look further afield, the Ninth Circuit has also yet to recognize its existence.   *See Costantini*, 681 F.2d at 1202 ("We need not decide whether there is a fraudulent concealment exception to the law of res judicata because no fraudulent concealment has been properly presented.").

Beyond the existential uncertainty of the exception, fraudulent concealment has not been properly presented here, just as was the case in *Costantini*.   As another district court in this Circuit has explained, "[n]ewly discovered evidence typically does not prevent the application of res judicata."   *Vahora v. Valley Diagnostics Lab., Inc.*, 2020 WL 42242, at *7 (E.D. Cal. Jan. 3, 2020) (citing cases).   An exception "is when evidence is 'fraudulently concealed' by the opposing party and the plaintiff 'diligently attempted to uncover the information that he says was concealed.'"   *Id.* (quoting *Costantini*, 681 F.2d 1202-03).   That exception is not applicable here since, at best, Hancock only attempts to explain how he believes the altered Trustee Deed was concealed by the opposing party.

11

*See* Dkt. No. 120 at 8.[4]   No attempt is made to even assert, let alone evidence, how

Hancock has diligently sought to uncover the information allegedly concealed.

There is good reason for this omission.   As this Court explained in its January 10,

2014 Order, the record clearly reflects that Hancock was more than aware of the

facts underlying his claims of fraud as far back as 2007 or 2009.   Dkt. No. 49 at

20 ("During the *Grinpas* trial, Plaintiff testified that the recorded Trustee Deed did

not convey the disputed easement, and that its omission was a 'mistake.' At

Plaintiff's deposition taken February 13, 2013, Plaintiff stated that he did not

realize before he signed the Trustee Deed that it did not reference the easement. In

response to the question, 'When did you discover that there was no explicit

mention of the Grinpas easement [in the Trustee Deed]?' Plaintiff responded, 'I

think when this matter came up in 2007.'" (emphasis in original, citations omitted).

There is, thus, no basis for the Court to find that Hancock has diligently attempted

to uncover the information allegedly concealed, whether concealed by Kulana or

Fidelity.

        In summary, because the claims Hancock asserts here are barred by the

doctrine of res judicata and no exception to that doctrine applies, Kulana's

---

[4]To be more precise, *no* attempt is actually made to contend that *Kulana*, the proper *opposing* party for purposes of whether res judicata applies here, fraudulently concealed any evidence. Instead, Hancock contends that *Fidelity*, a different opposing party, concealed evidence.   *See* Dkt. No. 120 at 8.

12

supplemental motion to dismiss, Dkt. No. 119, is GRANTED.   In addition, because these matters cannot be cured by amendment, Hancock's claims against Kulana are DISMISSED WITHOUT LEAVE TO AMEND.[5]

## II.    Fidelity's Motion for Judgment on the Pleadings

In its supplemental motion for judgment on the pleadings, Fidelity asserts that none of the claims in the Complaint are directed at it.   This is certainly true, and, as with many other arguments, Hancock makes no attempt in his supplemental opposition to contend otherwise.[6]   Nonetheless, the Court addresses each of the three claims in the Complaint in turn.

In his first claim, Hancock seeks declaratory relief that the trustee deed conveying Remnant Three is void.   Compl. at ¶ 25.   No part of this claim is alleged against Fidelity.   *See id*. at ¶¶ 24-25.   Nor could this claim be alleged against Fidelity, given that Hancock alleges that the trustee deed was conveyed to Kulana.   In other words, even if the Court were to declare the trustee deed void,

---

[5]Because the Court grants the supplemental motion to dismiss on the ground of res judicata, the Court declines to address any other bases for dismissal raised therein.

[6]One argument that Hancock does raise, for the first time, in his supplemental opposition is that Fidelity's motion for judgment on the pleadings should be denied because, as to Fidelity, the pleadings are not closed.   Dkt. No. 120 at 1.   The Court agrees with Fidelity, however, that Hancock has waived whether the pleadings are closed as to Fidelity by failing to raise this argument in his original opposition to the motion for judgment on the pleadings.   *See* Dkt. No. 121 at 4-5; *see generally* Dkt. No. 41.

such a declaration would only affect *Kulana's* ownership of Remnant Three. Fidelity's presence in this claim is superfluous.

In his second claim, Hancock seeks to enjoin Kulana from "uttering" the trustee deed in any proceeding or transaction.   Compl. at ¶ 30.   Again, no part of this claim is alleged against Fidelity.   *See id*. at ¶¶ 27-30.   In what appears to be the "pray[er]" section of the Complaint, though, Hancock also asks for Fidelity to be enjoined from uttering the trustee deed.   *See id*. at 8 (¶ C).   Assuming, for the sake of argument, that this prayer for relief seeks to extend the second claim to Fidelity, it too is futile.   First, as Fidelity pointed out in its original motion for judgment on the pleadings, a claim for injunctive relief is not a standalone claim. *See* Dkt. No. 37-1 at 13; *Amina v. WMC Finance Co.*, 329 F. Supp. 3d 1141, 1166 (D. Haw. 2018) ("To the extent Plaintiffs seek declaratory and injunctive relief as an independent claim, the Court follows the well-settled rule that a claim for such relief, standing alone, is not a cause of action.").   Second, when one looks for an independent cause of action in the second claim, Hancock only asserts that "uttering" the trustee deed should be enjoined.   As Fidelity further pointed out in its motion for judgment on the pleadings, however, uttering is not a *civil* claim in Hawaiʻi.   *See* Dkt. No. 37-1 at 13; Haw. Rev. Stat. § 708-852 (making uttering a forged instrument a class C *felony*).   Third, even if "uttering" the trustee deed was

14

civilly actionable, Hancock only alleges that *Kulana* uttered the trustee deed in another proceeding–a proceeding to which Fidelity was not a party–and makes no allegation that Fidelity has uttered or will utter the trustee deed in any future proceeding.   As such, Fidelity is not a proper target of this claim.

Much is the same with respect to the third claim.   In that claim, Hancock alleges that Kulana is trespassing on Remnant Three and should be ejected therefrom and made to pay damages.   Compl. at ¶¶ 32-35.   Unlike the two claims discussed above, Fidelity is mentioned twice in this claim.   More specifically, Hancock asserts as follows: "Due to the extreme and outrageous acts of [Kulana], Fidelity and others within their control whose acts are imputed to [Kulana] and Fidelity, Hancock is entitled to damages including punitive damages…."   *Id*. at ¶ 35.   The problem with the passing mention of Fidelity in this regard is that it is unmoored from the underlying claim: one for trespass and ejectment.   There is simply no basis, conceivable or otherwise, in which Fidelity, a title and escrow company, *see* Compl. at ¶ 3, could be alleged to be in possession of Remnant Three or trespassing thereon.   It would, thus, be equally impossible to eject Fidelity from that property.   This claim therefore also improperly targets Fidelity.

In summary, because none of the claims in the Complaint are directed at Fidelity, and amendment to direct the claims at Fidelity would be nonsensical, the

supplemental motion for judgment on the pleadings, Dkt. No. 118, is GRANTED,

and the claims against Fidelity are DISMISSED WITHOUT LEAVE TO

AMEND.[7]

## CONCLUSION

For the reasons set forth herein, Fidelity's supplemental motion for judgment

on the pleadings, Dkt. No. 118, and Kulana's supplemental motion to dismiss, Dkt.

No. 119, are GRANTED, and the Complaint, Dkt. No. 1, is DISMISSED

WITHOUT LEAVE TO AMEND.

Fidelity's motion to strike jury demand, Dkt. No. 103, is DENIED AS

MOOT.

The Clerk is instructed to enter Judgment in favor of Defendants pursuant to

this Order.

IT IS SO ORDERED.

DATED: September 23, 2020 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

[7]Because the Court grants the supplemental motion for judgment on the pleadings for the reasons set forth herein, the Court declines to address any other bases for judgment on the pleadings raised by Fidelity.

16